United States District Court
Southern District of Texas
**ENTERED**
August 10, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RENITA WOOTEN, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-CV-04988 |
| | § | |
| SAIA MOTOR FREIGHT LINE, LLC, | § | |
| *Defendant*. | § | |

# MEMORANDUM AND RECOMMENDATION

Before the Court is Defendant Saia Motor Freight Line, LLC's ("Saia") Motion for Summary Judgment.[1] ECF 24. After reviewing the Parties' arguments, the evidence, and the applicable law, the Court RECOMMENDS that Defendant's Motion be GRANTED.

## I. Factual and Procedural Background.

Plaintiff contends she was seriously injured when helping Defendant's employee move two hospital beds with a pallet jack. Plaintiff worked as a warehouse technician for MHME, a hospice supply company. ECF 24-1 at 17; ECF 28-1 at 1. Plaintiff's job duties included cleaning and preparing equipment to be shipped from the warehouse, reviewing the paperwork for deliveries made to MHME, and showing delivery drivers where to unload shipments. ECF 24-1 at 17-20, 22-24.

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 26.

Plaintiff's job duties did not involve loading or unloading deliveries or moving pallets around the warehouse, and prior to the accident she had never helped unload a truck. *Id.*

On the day of the accident and while Plaintiff was working at the MHME warehouse, a delivery driver employed by Defendant Saia arrived with a delivery of two hospital beds loaded on a wooden pallet. ECF 28-1 at 1. The driver asked Plaintiff to help him move the pallet up a concrete ramp in the receiving area of the warehouse. ECF 28-1 at 1; ECF 24-1 at 24-25. The driver placed his electric pallet jack under the front of the pallet and a manual pallet jack at the back of the pallet. ECF 28-1 at 1; ECF 24-1 at 25. The driver told Plaintiff to turn the wheel of the manual jack as he was going up the ramp but specifically told her not to push. *Id.* at 26. As the driver began moving the pallet up the ramp, the wooden pallet broke. ECF 28-1 at 1; ECF 24-1 at 15. Plaintiff claims she immediately felt an injury. ECF 28-1 at 1; ECF 24-1 at 30. The driver finished moving the hospital beds up the ramp and into the warehouse. ECF 24-1 at 31. Plaintiff then completed the paperwork for the delivery. *Id.* at 31-32.

Plaintiff filed suit in Texas state court seeking to hold Defendant Saia liable for its driver's conduct based on respondeat superior liability as well as negligent hiring and training. ECF 1-1 a 7-8. Defendant properly removed this action alleging diversity jurisdiction. ECF 1. Defendant filed its Motion for Summary Judgment in

March 2026. ECF 24. Plaintiff filed a Response to the Motion in which she abandoned her negligent hiring and training claims. ECF 28 at 3. Defendant filed a Reply. ECF 32. The Parties also filed additional briefing as ordered by the Court. ECF 38; ECF 39; ECF 40. The Motion is ripe for adjudication.

## II. Legal Standards.

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and must present evidence such as affidavits, depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC*

*v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclus[ory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citation omitted).

## III. Analysis.

As a preliminary matter, the Court addresses Defendant's evidentiary objection to Plaintiff's Affidavit.[2] Defendant argues that Plaintiff's affidavit (ECF 28-1) should be disregarded or struck as a "sham affidavit" that contradicts her earlier deposition testimony.[3] ECF 32 at 1. The sham affidavit doctrine allows a

[2] Both Parties object to the opposing side's expert or medical report on authentication and hearsay grounds. ECF 28 at 4; ECF 32 at 2-4. The Court need not address those evidentiary objections because it does not reach the issue of causation to which those exhibits apply.

[3] Defendant identifies the following purported inconsistencies between her Affidavit and her prior deposition testimony: Plaintiff's Affidavit states she was near the bottom of the ramp behind the manual pallet jack with the driver uphill of her (ECF 28-1), but she testified in her deposition that the driver was up the ramp but could not recall how far (ECF 24-1 at 27); Plaintiff's Affidavit states the electric jack collapsed as the driver was attempting to move the load up the ramp but she testified in her deposition that the accident did not occur until after she turned the wheel (ECF 24-1 at 26); Plaintiff's Affidavit states the driver did not do anything to prevent the electric jack from moving or resecure the load but she testified in her deposition that the driver ran around to assist (ECF 24-1 at 27-28); Plaintiff's Affidavit states she felt immediate pain after the accident but she testified I her deposition that she did not mention being in pain to anyone and continued to perform her job duties (ECF 24-1 at 33). ECF 32 at 1-2.

district court to "refuse to consider statements made in an affidavit that are so markedly inconsistent with a prior statement as to constitute an obvious sham." *Winzer v. Kaufman Cnty.*, 916 F.3d 464, 472 (5th Cir. 2019) (internal quotation marks omitted). To avoid supplanting the jury's role in making credibility determinations, the doctrine should only be applied when an affidavit is *inherently inconsistent* with prior statements. *Id.* Minor discrepancies between the statements in the affidavit and the prior testimony do not support application of the sham affidavit doctrine. *Id.* If the statements in the affidavit can be reconciled with the prior statements, or if they supplement rather than contradict the witness's earlier testimony, the court should not disregard the affidavit. *Robinson v. Nexion Health At Terrell, Inc.*, 671 F. App'x 344 (5th Cir. 2016) (finding sham affidavit doctrine inapposite where statements were reconcilable); *Clark v. Resistoflex Co., A Div. of Unidynamics Corp.*, 854 F.2d 762, 766 (5th Cir. 1988) (finding doctrine inapplicable where affidavit supplemented earlier testimony).

Although Defendant identifies differences or omissions between the affidavit and Plaintiff's prior testimony, it has failed to identify statements that are *inherently inconsistent*. For example, there is no contradiction in Plaintiff testifying by affidavit that the driver was uphill from her on the ramp but being unable to recall in her deposition how *far* he had moved up the ramp. Likewise, stating in her affidavit that she was in immediate pain is not inherently inconsistent with her

deposition testimony that she did not mention pain to anyone at the time. *See Seigler v. Wal-Mart Stores Texas, L.L.C.*, 30 F.4th 472, 478 (5th Cir. 2022) (explaining that failure to volunteer information or recall a fact may affect witness's credibility but does not create an inherent inconsistency). Similarly, being in immediate pain and failing to mention that pain is not inherently inconsistent. The purported contradiction about the driver's post-accident actions is also reconcilable. Having reviewed the statements Defendant cites as contradicting her prior testimony, the Court finds the statements are not inherently contradictory. Therefore, the Court declines to strike Plaintiff's statements in the Affidavit as a sham. *See Winzer*, 916 F.3d at 472–73 (finding the court abused its discretion by applying the sham affidavit doctrine to statements that were different but reconcilable).

**A. Defendant is entitled to summary judgment because Plaintiff cannot establish Defendant's vicarious liability for the driver's alleged negligence.**

The allegedly negligent driver is not a party to this suit and Plaintiff's only remaining claim against Defendant is one for vicarious liability under the doctrine of respondeat superior. "Under the doctrine of respondeat superior, an employer is vicariously liable for the negligence of an agent or employee acting *within the scope of his or her agency or employment*, although the principal or employer has not personally committed a wrong." *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998) (emphasis added). To hold an employer liable for its

employee's actions through respondeat superior, a plaintiff must establish, among other things, that the negligent act was committed in the course and scope of the employee's authority. *Prim v. Stein*, 6 F.4th 584, 592 (5th Cir. 2021). Respondeat superior liability is narrow: "an employer is liable for its employee's tort only when the tortious act falls within the scope of the employee's general authority in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired." *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002). The tortious conduct "must be of the same general nature as that authorized or incidental to the conduct authorized." *Id.* "An employee's conduct meets this standard when it (1) *falls within the scope of the employee's general authority* and was (2) committed in furtherance of the employer's business (3) for the accomplishment of the object for which the employee was hired." *Doe v. Apostolic Assembly of Faith in Christ Jesus*, 452 F. Supp. 3d 503, 517 (W.D. Tex. 2020) (emphasis added and cleaned up).

Defendant's Motion for Summary Judgment argues that "Plaintiff has no evidence to support the proposition that the Saia driver had any authority, granted by Saia," to enlist Plaintiff's help in unloading or moving the pallet containing the hospital beds. ECF 24 at ¶ 22. *See also* ECF 38 at 3-5. An employee acting without authority is outside the course and scope of his employment. *See Sparks v. United*

*States*, No. CV H-22-2769, 2023 WL 5489049, at *2 (S.D. Tex. Aug. 24, 2023) (citing *Minyard Food Stores*, 80 S.W.3d at 577).

In response, Plaintiff asserts the alleged tortfeasor was "Defendant's agent, servant and/or employee who was at all times acting within the course and scope of his agency or employment." ECF 28 at 1. Plaintiff argues her affidavit, which notes "a driver for SAIA [sic] came to the NHME warehouse to deliver two . . . beds" (ECF 28-1 at 1), demonstrates "the driver was doing his job by making a delivery for SAIA [sic]." ECF 40 at 1. Plaintiff further argues that "Defendant has failed to show as a matter of law that the driver was not authorized to request assistance from Plaintiff in the unloading of the pallet." *Id.* at 2.

"Courts in this district have previously held that while no-evidence summary judgment motions are available under Texas procedure, Rule 56 does not recognize them." *Berry v. Golla*, No. CV H-17-2629, 2018 WL 1453275, at *3 (S.D. Tex. Mar. 23, 2018), *aff'd sub nom. Berry v. Missionaries of Co. of Mary, Inc.*, 770 F. App'x 716 (5th Cir. 2019). *Compare also* FED. R. CIV. P. 56, *with* TEX. R. CIV. P. 166a. While no-evidence summary judgment is not permitted per se under federal procedure as it is under Texas law, the Fifth Circuit has explained:

> Under federal law, however, it has long been the rule that when the nonmovant has the burden of proof at trial, the moving party may make a proper summary judgment motion, thereby shifting the summary judgment burden to the nonmovant, with an allegation that the nonmovant has failed to establish an element essential to that party's

case.

*Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 335 (5th Cir. 2017). The important distinction is that "a movant cannot support a motion for summary judgment with a conclusory assertion that the nonmovant has no evidence to support his *case*, [but] a movant may support a motion for summary judgment by pointing out that there is no evidence to support a *specific element* of the nonmovant's claim." *Id.* at 355 n. 10 (emphasis in original). Although Defendant offers no testimonial or documentary evidence in support of its motion for summary judgment on agency/scope of employment issue, it has specifically stated Plaintiff has no evidence to support the specific element that the alleged tort was in the course and scope of the driver's authority. ECF 39 at 3. Defendant has presented a no evidence challenge to a specific element of Plaintiff's cause of action which is sufficient to shift the summary judgment burden and require Plaintiff to produce evidence in support of her respondeat superior claim. *See Berry v. Golla*, 2018 WL 1453275, at *3 (holding defendants had done enough to shift the summary judgment burden on a respondeat superior claim by stating plaintiff had no evidence the putative tortfeasor's actions were within the general scope of his work with his employer).

Plaintiff has failed to meet its burden to present a genuine factual dispute regarding Defendant's vicarious liability. Plaintiff identifies no evidence that a reasonable jury could rely upon to find the driver was acting within the scope of his

authority when he recruited Plaintiff to assist him. The affidavit contains no facts regarding scope of the driver's job duties or his authority. ECF 28-1. The Court cannot credit Plaintiff's conclusory statements regarding the scope of the driver's employment as competent summary judgment evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007). The record is devoid of evidence that demonstrates the driver's general duties, his authority, or even that unloading shipments general or this delivery specifically were within the scope of his employment. Therefore, the Court should grant summary judgment and dismiss Plaintiff's claim for negligence because even assuming the driver was negligent, Plaintiff cannot establish Defendant is vicariously liable. *See Bassey v. Zimac Care Ctr., Inc.*, No. CIV.A. H-11-3986, 2014 WL 3546535, at *6 (S.D. Tex. July 11, 2014) (granting no evidence summary judgment on plaintiff's respondeat superior claim because there was no evidence in the record suggesting that the tortious conduct was within the scope of the tortfeasor's employment).

**IV. Conclusion and Recommendation.**

For the reasons stated above, the Court RECOMMENDS that Defendant's Motion for Summary Judgment (ECF 24) be GRANTED and Plaintiff's claims be dismissed.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file

written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on August 10, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge